**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE AMERICAN AUTOMOBILE**
**ASSOCIATION, INC.,**

     **Plaintiff,**

**-vs-**              Case No. 6:11-cv-668-Orl-18DAB

**IN CHARGE MARKETING, INC.,**
**TRAVCOM LLC, PETER NAGY, JR.,**
**DAYANNA ACOSTA NAGY, PETER a/k/a**
**Pedro Sotolongo, RIGOBERTO**
**SOTOLONGO, and DANIEL MARSHALL,**

     **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 25)**
>
> **FILED:**   June 28, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED, without prejudice**.

   Plaintiff The American Automobile Association, Inc. ("AAA") filed this action for trademark infringement, unfair competition, and false advertising in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and Fla. Stat. §§ 495.131 *et seq.*; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and Fla. Stat. §§ 495.151 *et seq.*; for claims arising under the Telephone Consumer Protection Act,

47 U.S.C. §§ 227 *et seq.*; and for unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, arising out of alleged unauthorized use of AAA's distinctive AAA trademarks (the "AAA Marks") in connection with an unsolicited facsimile advertising scheme (Doc. No. 1). The allegations in the Complaint and the demand for relief are directed to all of the Defendants collectively, with the Prayer for Relief seeking joint injunctive relief as well as compensatory damages in "an amount yet to be determined," statutory damages, interest, costs, and attorney's fees (Doc. No. 1 at p.22).

A Clerk's default has been entered against Defendants In Charge Marketing, Inc., Travcom LLC, Peter Nagy, Jr. Dayanna Acosta Nagy, and Rigoberto Sotolongo (Doc. Nos. 19, 24). There is no showing of service of process for Defendants Peter A/K/A Pedro Sotolongo or Daniel Marshall. The instant motion seeks entry of a default judgment against the defaulted Defendants, but is silent as to the fate of the as yet unserved Defendants. For the following reasons, the Court recommends **denial** of the motion, without prejudice to renewal, upon clarification as to the status of the unserved Defendants.

Generally, of course, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The general rule, however, is not without exception. Thus, as here, in cases involving more than one defendant, a judgment of should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed.60 (1872). Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be

>     dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.

This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) (*citing* C. Wright & A. Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.*, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, 2008 WL 2730997, 1 (M.D. Fla.2008) (slip opinion-- declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent judgments"); *Politano v. Ott,* 2008 WL 4104137 (M.D. Fla. 2008).

Applied here, the Complaint makes no distinction among the defendants, as all are sued collectively. As such, there is a clear and present risk of inconsistent judgments, should the two other defendants appear and contest the suit. Absent any indication that entry of final judgment solely against the Defaulted Defendants is necessary or appropriate at this point, the Court recommends against proceeding in this piecemeal fashion. *See* Rule 54(b), Fed. R. Civ. P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.") It is therefore **respectfully**

**recommended** that the motion for default final judgment be **denied, without prejudice**, pending adjudication of the merits of the case with respect to the co-defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 25, 2011.

                                              *David A. Baker*
                                              DAVID A. BAKER
                               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy